# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

LATISHA M. BABB,

    Petitioner,

vs.

JENNIFER LOZOWSKY, et al.,

    Respondents.

Case No. 2:05-CV-00061-PMP-(RJJ)

**ORDER**

        Before the Court are Respondents' Motion to Dismiss (#35), Petitioner's motion to stay the proceedings (#38), Respondents' Opposition (#40), and Petitioner's Reply (#41) with Supplement (#42). The parties agree, and the Court finds, that Petitioner has not exhausted all of her grounds for relief in state court. The Court also finds that a stay of this action is warranted while Petitioner exhausts those grounds.

        Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).

        The parties agree that Grounds 1-10 are not exhausted. Respondents state that Grounds 11-20 are exhausted. Motion to Dismiss, p. 3 (#35). However, Petitioner states that Grounds 13(A), 13(B), and 14-19 are unexhausted. Motion to stay proceedings, pp. 3-4 (#38). She

admits that Grounds 11, 12, and 20 might be unexhausted because of the way she presented the issue to the state court.[1]  Id., p. 10.  According to Petitioner, only Ground 13(C) is definitely exhausted.  Id., p. 3.[2]  Therefore, the First Amended Petition (#13) is mixed, containing both claims exhausted in state court and claims not exhausted in state court, and it is subject to dismissal.  See Rose v. Lundy, 455 U.S. 509, 521-22 (1982); Szeto v. Rushen, 709 F.2d 1340, 1341 (9th Cir. 1983).

The request for a stay is the real issue.  Petitioner is currently pursuing a state habeas corpus petition, filed on or after March 20, 2006, to exhaust all grounds.  Id., p. 5 & Ex. A.  The Court should stay this action pending that exhaustion "if the petitioner had good cause for [her] failure to exhaust, [her] unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."  Rhines v. Weber, 544 U.S. 269, 278 (2005).  A review of the First Amended Petition (#13) shows that the claims have potential merit.  The Court agrees with Petitioner that she is not trying to be dilatory and that her interests lie in as speedy a resolution of her claims as possible.

Rhines does not define what good cause is.  However, the Supreme Court has subsequently noted that a person can file a mixed federal petition and ask for a stay of that petition as protection against a state habeas corpus petition that might be untimely and thus not toll the period of limitations.  Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005).  Uncertainty over the timeliness of a state habeas corpus petition is good cause to stay a federal habeas corpus petition while the grounds are exhausted in state court.  Id. at 416-17.  This is a protective petition because Petitioner admitted from the outset that she did not exhaust all of her grounds in state court.  First Amended Petition, p. 10 (#13).  After Respondents raised exhaustion as a defense, Petitioner filed a state habeas corpus petition on or after March 20, 2006.  Motion to stay proceedings, p. 5 & Ex. A

---

[1] Ground 20 is a claim of cumulative error.  If, as Petitioner admits, many of the underlying claims are unexhausted, then Ground 20 is also unexhausted because she has not presented all of the underlying facts and legal bases to the state courts.

[2] Petitioner also sought to supplement her petition (#27) with four more grounds, 21-24, concerning the quality of her state habeas corpus counsel.  The Court denied (#29) that motion because Petitioner has no right to effective assistance of post-conviction counsel.

1  (#38). The timeliness of that state petition is questionable on its face because Petitioner filed it more
2  than a year after the Nevada Supreme Court issued its direct-appeal remittitur on August 7, 2001.
3  See First Amended Petition, p. 8 (#13); Nev. Rev. Stat. § 34.726.  Under these circumstances, good
4  cause exists to stay this action.
5          IT IS THEREFORE ORDERED that Respondents' Motion to Dismiss (#35) is
6  **GRANTED**.
7          IT IS FURTHER ORDERED that Petitioner's motion to stay the proceedings (#38)
8  is **GRANTED**.
9          IT IS FURTHER ORDERED that this action is **STAYED** pending exhaustion of the
10 unexhausted claims.  Petitioner shall return to this Court with a motion to reopen within sixty (60)
11 days of issuance of the remittitur by the Nevada Supreme Court at the conclusion of the state court
12 proceedings.  Further, Petitioner or Respondents otherwise may move to reopen the matter and seek
13 any relief appropriate under the circumstances.
14         IT FURTHER IS ORDERED that the Clerk of Court shall administratively close this
15 action until such time as the Court grants a motion to reopen the matter.
16         DATED this 22nd day of June, 2006.

_____
PHILIP M. PRO
Chief United States District Judge

-3-